IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY CURETON, )
)
Petitioner, )
)
v. ) 1:15CV1041
)
CARLTON JOYNER, )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner did not properly complete required § 2254 Forms. Although he used the proper forms, he provided none of the requested information regarding the conviction or sentence he seeks to challenge or any activity or history in the state courts regarding his case. The Clerk will forward to Petitioner another copy of the proper forms.

2. Petitioner indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and

N.C. Gen. Stat. §§ 7A–31, 15A–1422). He cannot simply bring claims directly to this Court because he believes they are important or that this Court should handle them.

3. Plaintiff does not appear to state any viable claim for relief. His claims are largely incomprehensible, but rely on commercial and contract law, as well as his personal sovereignty. Commercial and contract law do not apply to criminal cases and this Court regularly rejects claims of "personal sovereignty" or similar claims in which petitioners believe that they are somehow exempt from the criminal laws of the State of North Carolina.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

Petitioner also filed two Motions (Docket Entries 2, 3) seeking to appoint this Court and its officers as trustees to grant him habeas relief and serve this action. To the extent these Motions can be understood, they are neither proper nor necessary. Accordingly, they will be denied.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

2

IT IS THEREFORE ORDERED that Petitioner's Motions (Docket Entries 2, 3) seeking to appoint this Court and its officers as trustees are denied.

IT IS FURTHER ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 9th day of December, 2015.

*[signature]*
Joe L. Webster
United States Magistrate Judge

3

Case 1:15-cv-01041-CCE-JLW   Document 11   Filed 12/09/15   Page 3 of 3